J-S21038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RODOLFO HERNANDEZ, | |
| Appellant | No. 1552 EDA 2015 |

Appeal from the PCRA Order April 29, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002281-2010

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 26, 2016**

Appellant Rodolfo Hernandez appeals the April 29, 2015 order dismissing his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appointed PCRA counsel for Appellant, Sean Thomas Poll, Esq., has filed with this Court a **Turner/Finley**[1] letter and a petition to withdraw as counsel.  Because we agree with Attorney Poll that Hernandez has no meritorious issues to pursue under the PCRA, we grant his petition to withdraw as counsel, and we affirm the PCRA court's order.

On November 7, 2012, Appellant entered a counseled plea of guilty to Possession with Intent to Deliver a Controlled Substances and Criminal

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc* ).

*Former Justice specially assigned to the Superior Court.

Conspiracy.[2]  The Honorable James T. Anthony of the Court of Common Pleas of Lehigh County sentenced Appellant to an incarceration term of 7 years, 3 months to 20 years.  Plea counsel filed no direct appeal on behalf of Appellant.

On October 8, 2013, Appellant filed a *pro se* petition pursuant to the PCRA in which he alleged the ineffective assistance of plea counsel for failing to file a requested direct appeal.  The PCRA court appointed counsel and, subsequently, replacement appointed counsel, who eventually filed a Motion to Withdraw and a ***Turner/Finley*** letter stating that Appellant's claims were without merit.  The Court initially allowed appointed counsel to withdraw but reappointed counsel on August 6, 2014 to represent Appellant at a PCRA evidentiary hearing, which was held on December 23, 2014.

At the hearing, PCRA counsel asked Appellant if he ever requested plea counsel, Attorney Robert Sletvold, to file a direct appeal.  Appellant testified that he made the request immediately after he was sentenced and returned to the "bullpen" area.  Appellant asked Attorney Sletvold to appeal his case and sentence "because there was issues [sic] that I wanted to bring up that nobody ever brought up . . .  the issues about the affidavit [i.e., privately retained counsel's failure to raise a suppression challenge based on the sufficiency of the affidavit]" N.T. 12/23/14 at 12-13, 16.  Also, Appellant

---

[2] 35 P.S. § 780–113(a)(30) and 18 Pa.C.S.A. § 4914(a), respectively.

claimed to have told Attorney Sletvold he was unhappy with the maximum sentence imposed. N.T. at 17.

Attorney Sletvold had no recollection of this conversation. He gave a detailed account of his morning in the bullpen with Appellant negotiating a guilty plea with the prosecutor and discussing "exhaustively" the consequences of accepting the plea offer, which included the possibility of receiving a statutory maximum sentence and the guarantee of automatically waiving most types of claims—including the pretrial claims he had mentioned to Sletvold—on appeal. N.T. at 21. Attorney Sletvold characterized Appellant as very knowledgeable about the nuances of his case and said Appellant intelligently discussed the possible effects on himself and co-defendants that his plea would have. N.T. at 22. When the prosecutor questioned Sletvold whether Appellant asked for a direct appeal, Sletvold answered that he remembered no such request. N.T. at 20. He understood it was his duty to appeal the case if Appellant had made the request, he elaborated, and he noted that he would have been amenable to filing an appeal for the additional reason of earning further compensation from the county for his continued representation of Appellant. N.T. at 28.

Appellant took it upon himself to put several questions directly to Sletvold even while PCRA counsel was conducting cross-examination. N.T. at 25-27. Appellant addressed Sletvold with respect to the negotiations and suggested counsel incompetently allowed the prosecutor's verbal offer of a purportedly invalid minimum sentence—unavailable given Appellant's prior

record score—to influence his decision to accept the plea. As such, Appellant refuted the notion that meaningful negotiations took place, saying "I didn't take no negotiated plea. Who negotiates to take the max on a copout? Who does that?" N.T. at 26-27.[3] Despite the wide latitude given Appellant to address Sletvold directly during the hearing, Appellant never took the opportunity to ask Sletvold on the record whether Appellant had telephonically requested a direct appeal from prison.

In contrast, Appellant had readily interposed his objection to PCRA counsel's comment made during a prefatory exchange between counsel, the prosecutor, and the court regarding Appellant's failure to act on counsel's recent request to identify issues in addition to the "failure to file a direct appeal" issue that he may wish to raise at the December PCRA hearing. N.T. at 6. The court swore-in Appellant at once and allowed him to explain he had written a letter in May of 2014 raising several issues pertaining to the adequacy of suppression counsel's representation. N.T. at 7. Counsel responded that his **Turner/Finley** letter had already addressed and recommended a disposition of each of the issues Appellant raised in the May

---

[3] Appellant's comment in this respect was ultimately unclear, however, as he complained about inducement by a purportedly unlawfully low minimum sentence of "no less than eight years," which would have been, in fact, greater than his eventual minimum sentence of seven years, three months. In an attempt to clarify his point, Attorney Sletvold asked Appellant specifically if he meant no *more* than eight years, but he reiterated that the verbal offer was "no *less* than eight years at the minimum." N.T. at 26.

- 4 -

letter, and he clarified that he was referring now to the unanswered request he made of Appellant one month prior to the December hearing. N.T. at 6-8. It was also during this exchange that PCRA counsel informed the PCRA court that Appellant had claimed in May to having no recollection of requesting plea counsel to file a direct appeal and had suggested that counsel "talk to my sister, she would have done it." N.T. at 5. Counsel contacted Appellant's sister, but she did not remember making the request. *Id.*

On April 29, 2015, the PCRA court entered an order dismissing Appellant's PCRA petition. On May 27, 2015, Attorney Poll filed the present appeal, and he subsequently filed a petition for leave to withdraw and a corresponding ***Turner/Finley*** letter in which he concludes that no meritorious issues exist in the present case.

On October 22, 2015, Appellant filed a *pro se* response to counsel's petition to withdraw in which he asks us to deny counsel's petition and remand for a supplemental PCRA hearing. In support of this request, Appellant posits that he had no opportunity before the PCRA court to claim ineffective assistance of PCRA counsel in failing to acquire and use prison phone records that would substantially corroborate his testimony that he asked plea counsel to file a direct appeal on his behalf.[4] To advance his

---

[4] Nowhere in Appellant's Response/Application does he indicate that the phone conversation records would specifically confirm his testimony that he
*(Footnote Continued Next Page)*

claim, Appellant offers ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009), which applied the precept against raising new claims on appeal to find the petitioner had waived his claim of PCRA counsel's ineffectiveness by failing to first raise it below either in response to counsel's no-merit letter or within

_(Footnote Continued)_  ———————————

asked for a direct appeal. Instead, Appellant only states generally that the records would strengthen or substantially corroborate his contention that he requested plea counsel to file motions and pleadings with an unspecified "Court." Appellant's Response/Application states, in pertinent part:

> The Appellant . . . informed the [PCRA] Court that there was documented evidence [later identified as phone conversation records taken by the prison] that existed which would substantially corroborate his contention that Attorney Sletvold was in fact put on notice that Appellant requested relevant motions/pleadings be filed with the Court. Motions were never filed, to the Appellant's detriment and against his express desire. Said documented evidence was/is within the custody and control of the Lehigh County Prison.
> ***
> Attorney Poll informed the Appellant that he was awaiting reception of the documented evidence from the Lehigh County Prison Counselor's Office.
> ***
> [T]he validity to his claim hung to the presentation [sic] of this very document before the Court in establishing the merits of his claims.
> ***
> [I]t is reasonable to say that the out come [sic] of the PCRA proceedings would have been different, in that the PCRA court would have been able to determine that Attorney Sletvold was put on notice by the Appellant, and the PCRA court would not have dismissed his PCRA [petition].

Appellant's "Application for Special Relief—Objection to Counsel's Motion to Withdraw—Application for Remand," filed 10/22/15 at pp. 2-6. Although Appellant never explicitly avers that prison phone records would show he asked for a direct appeal, we construe his Response/Application in context of the issue raised before the PCRA court and infer this to be his position.

- 6 -

Rule 907's 20-day response period. Because Appellant was denied the benefit of Rule 907 notice and otherwise had no opportunity to raise and preserve the issue of PCRA counsel's ineffective assistance, he maintains, this appeal represents the first occasion in which the claim was available to him, bringing him in substantial compliance with *Pitts*.

Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings of fact will not be disturbed unless there is no support for those findings in the certified record. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa.Super. 2011) (citing *Commonwealth v. Smith*, 995 A.2d 1143, 1149 (Pa. 2010)).

Before we may address the potential merit of Appellant's *pro se* claim, we must determine if counsel has complied with the technical requirements of *Turner/Finley*.

> Counsel petitioning to withdraw from PCRA representation must proceed under [*Turner/Finley* and] ... must review the case zealously. *Turner/Finley* counsel must then submit a "no merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel. Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner/Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are

without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012) (citations omitted).

Here, Attorney Poll has complied with the technical requirements of **Turner/Finley**. He forwarded to Appellant a copy of the brief and the petition to withdraw along with a letter informing him of his right to hire private counsel or proceed *pro se.* In his brief, counsel sets forth the claim that Appellant sought to raise before this Court. He also sets forth the procedural and factual background of the case, and an explanation as to why the record does not support the claim raised by Appellant in his PCRA petition. Specifically, counsel concludes it was within the province of the PCRA court to credit the testimony of Attorney Sletvolt denying that Appellant ever requested him to file a direct appeal.

Before granting counsel's motion to withdraw, however, we also must conduct our own review of the claim to determine whether it may require an advocate's brief on Appellant's behalf.

> Our standard and scope of review is well-settled:
>> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.
>> To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no

- 8 -

> > reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner.
>
> Furthermore,
>
> > [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him.
>
> *Id.* at 311–12 (most case citations, internal quotation marks and other punctuation omitted). Counsel's assistance is deemed constitutionally effective once this Court determines that the defendant has not established any one of the prongs of the ineffectiveness test.

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa. Super. 2014) (internal quotation marks and citations omitted).

In his PCRA petition and evidentiary hearing, Appellant predicated his ineffective assistance of plea counsel claim on the credibility of his testimony that counsel failed to file a requested direct appeal. The PCRA court, however, credited plea counsel's testimony over that of Appellant, and the record supports that determination. Under our governing standard, we may not disturb the PCRA court's factual findings in this regard, *see Garcia*, *supra*.

Nevertheless, Appellant contends that the PCRA court's credibility determination is not unassailable where it was the product of PCRA counsel's ineffective failure to admit vital documentary evidence corroborating his

testimony. Specifically, he presents a new theory not presented to the court below alluding to PCRA counsel's failure to acquire and use prison phone records purportedly transcribing a conversation between PCRA counsel and himself in which he requested a direct appeal. The gist of his *pro se* position is that the strength of such purported evidence, coupled with the decision in *Pitts* predicating appellate court waiver of a novel ineffectiveness claim on a petitioner's having had an opportunity to raise it before the PCRA court, supports his request for remand, Appellant argues. Neither the jurisprudence of this Commonwealth nor the particular facts of this case support Appellant's proposition.

Decisional law of our courts has clearly rejected the cognizability of an ineffective assistance of PCRA counsel claim raised for the first time on PCRA appeal, *see Commonwealth v. Henkel*, 90 A.3d 16, 20-30 (Pa. Super. 2014) (*en banc*) (discussing cases), and mandates, instead, that such a claim be raised either immediately before the PCRA court or in a serial petition. In this regard, the Pennsylvania Supreme Court has applied waiver bar even in cases lacking notice of the court's intent to dismiss like in *Pitts*. *See, e.g., Commonwealth v. Jette*, 23 A.3d 1032 (Pa. 2011) (holding PCRA petitioner cannot assert PCRA counsel's ineffectiveness for first time on appeal). *Accord*, *Henkel* ("the Supreme Court concluded [in Jette] that a PCRA petitioner cannot assert claims of PCRA counsel ineffectiveness for the first time on appeal, regardless of whether a Rule 907 or 909 notice is

involved.")[5]  Accordingly, we find Appellant's novel ineffectiveness claim non-cognizable.

Even if our jurisprudence could be read in a manner admitting an exception where the PCRA petitioner had no opportunity to exercise his right to self-represent or retain private counsel prior to the conclusion of the PCRA hearing, the record shows Appellant had every opportunity at the PCRA hearing to raise his claim of PCRA counsel's ineffectiveness.  Indeed, Appellant claims he was aware of the prison phone records, knew how to acquire them, and asked PCRA counsel to obtain them prior to the hearing.  *See* "Appellant's Application for Special Relief—Objection to Counsel's Motion to Withdraw Finley—Application for Remand," at ¶ 20.  Nevertheless, he remained silent as PCRA counsel never questioned him about the alleged phone conversation or raised the matter in any other way.  This silence stood in stark contrast to other instances during the proceedings where

_____

[5] The *en banc* majority in **Henkel** reasoned:
> As noted, in **Jette**, as in [**Commonwealth v.**] **Burkett**[, 5 A.3d 1260 (Pa.Super. 2010)],.the PCRA court did not file a notice of intent to dismiss because it held a hearing.  However, the **Jette** Court did not distinguish **Pitts** on that ground and signaled that [**Commonwealth v.**] **Colavita**[, 993 A.2d 874, 894 n. 12 (Pa. 2010)] was binding precedent on the issue of whether a claim of PCRA counsel ineffectiveness could be raised for the first time on appeal.  Consequently, the Supreme Court concluded after the **Burkett** decision that a PCRA petitioner cannot assert claims of PCRA counsel ineffectiveness for the first time on appeal, regardless of whether a Rule 907 or 909 notice is involved.

**Henkel**, 90 A.3d at 28 .

Appellant did not hesitate to interpose his viewpoints and concerns. For example, he openly disagreed with PCRA counsel on a different matter, namely, why they advanced only the failure to file a direct appeal issue, and actually provided testimony in opposition to counsel's explanation on the point. Moreover, the PCRA court allowed Appellant to direct the questioning of Attorney Sletvold at times during the hearing. As his case is, therefore, factually distinguishable from **Pitts**, the decision upon which he relies exclusively, we would find his ineffectiveness claim devoid of any arguable merit even if we were to address it on its merits.

Order is Affirmed. Counsel's Petition to Withdraw is Granted. Appellant's Application for Remand is Denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2016